**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

TIMOTHY A. WALLACE,
individually, and on behalf
of all others similarly situated,

      Plaintiff,

      v.                          Case No.: 3:16cv209-RV/CJK

SOUTHERN CABLE SYSTEMS, LLC,
and JERRY RUSSELL TYLER,

      Defendants.
_____/

**ORDER**

      Now pending is the defendants' partial motion to dismiss (doc. 26), which the plaintiff has opposed.

**I. Background**

      The plaintiff, Timothy A. Wallace, has brought this litigation against his former employer, Southern Cable Systems, LLC, and its owner/president, Jerry Russell Tyler. The operative (first amended) complaint contains two counts. Count 1 is a class claim, and it alleges that the defendants violated the Fair Labor Standards Act [*see* 29 U.S.C. § 201, *et seq.*] by failing to pay him (and other similarly situated individuals) overtime wages. Count 2 is an individual state law claim, and it alleges that defendants violated the Florida Deceptive and Unfair Trade Practices Act [*see* Fla. Stat. § 501.201, *et seq.*] ("FDUTPA") by improperly classifying him as an independent contractor instead of an employee. The plaintiff claims that this improper classification gave the defendants

*Case No.: 3:16cv209-RV/CJK*

an unfair advantage on their competition as it enabled the defendants to avoid paying employment taxes, and it resulted in "actual damages" to plaintiff insofar as he was denied overtime pay and had improper workers' compensation deductions taken from his paycheck. The defendants filed an answer with respect to Count 1, but they have moved to dismiss the FDUTPA claim in Count 2.

## II. Applicable Law

The FDUTPA is a Florida statute that prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204. Since FDUTPA is a Florida statute, Florida law controls. *See Twin Rivers Eng'g Corp. v. Fieldpiece Instruments, Inc.*, 2014 WL 3908189, at *16 (M.D. Fla. 2014) (noting same in FDUTPA case).

"It is well recognized in [Florida] that a claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Kia Motors America Corp. v. Butler*, 985 So.2d 1133, 1140 (Fla. 3d DCA 2008). A "deceptive act" is a "representation, omission, or practice that is likely to mislead [someone] acting reasonably in the circumstances, to [their] detriment." *See, e.g., Millennium Communications & Fulfillment Inc. v. Office of the Attorney General*, 761 So.2d 1256, 1263 (Fla. 3d DCA 2000). An "unfair practice," meanwhile, "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous or substantially injurious." *See, e.g., Samuels v. King Motor Co. of Fort Lauderdale*, 782 So.2d 489, 499 (Fla. 4th DCA 2001). Under Florida law, "the scope of the conduct that may constitute an 'unfair or deceptive' practice is 'extremely broad.'" *Dorestin v. Hollywood Import Inc.*, 45 So.3d 819, 832 (Fla. 4th DCA 2010) (quoting *Day v. Le-Jo Enters., Inc.*, 521 So.2d 175, 177 (Fla. 3d DCA 1988)).

The FDUTPA originally provided that: "In any individual action brought by a *consumer* who has suffered a loss as a result of a violation of this part, such *consumer* may recover actual damages" (emphasis supplied). In 2001, the Florida Legislature amended the statute to read that: "In any action brought by a *person* who has suffered a loss as a result of a violation of this part, such *person* may recover actual damages" (emphasis supplied). This amendment initially led to a split in federal district courts in Florida. One group of cases gave the amended statute a "liberal reading" and held that it provided a right of action to both consumers and nonconsumers alike. *See, e.g., Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134 (M.D. Fla. 2007). The other group of cases gave the amended statute a "restrictive reading" and held that it remained limited to consumers, notwithstanding the change in statutory language. *See, e.g., Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339 (S.D. Fla. 2009).[1]

Notably, however, more recent Florida *state* courts are not split on this issue. Indeed, three district courts of appeals have adhered to the "liberal reading" and held that the statute is not limited to consumers but, rather, it applies to all individuals and entities that are able to prove the three elements of a FDUTPA claim. *See Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach County, Inc.*, 169 So.3d 164, 169 (Fla. 4th DCA 2015) (rejecting the "restrictive reading" view and holding that the 2001 statutory amendment "indicates that the legislature no longer intended FDUTPA to apply to only consumers"); *Bailey v. St. Louis*, 196 So.3d 375, 383 (Fla. 2d DCA

---

[1]

The latter group of cases concluded that the change from "consumer" to "person" was merely to clarify that the statute applies to businesses, as opposed to creating a new private cause of action for nonconsumers. Citing *Furmanite* and *Kertesz*, *inter alia*, the Eleventh Circuit noted this split in *Democratic Republic of the Congo v. Air Capital Group, LLC*, 614 Fed. Appx. 460, 468-69 (11th Cir. 2015). However, the Court of Appeals ultimately found that "[w]e need not referee this interpretive tussle" as it held that the plaintiff in that case qualified as a consumer, and, therefore, it had standing to file suit irrespective of which view was adopted. *Id.*

2016) (agreeing with the *Furmanite* decision cited *supra* and holding that the statutory amendment "evinces a legislative directive that the remedy of damages is not limited to a consumer"); *Off Lease Only, Inc. v. LeJeune Auto Wholesale, Inc.*, 187 So.3d 868, 869 n.2 (Fla. 3d DCA 2016) (stating that the FDUTPA "no longer requires one to be a consumer to maintain an action for damages"). To date, it appears that no appellate court in Florida has held otherwise.

## III. Discussion

The defendants maintain that the FDUTPA does not apply in the employment context. Relying on the "restrictive reading" cases in the second group noted above, including *Dobbins v. Scriptfleet*, 2012 WL 601145 (M.D. Fla. 2012), the defendants contend that the statute does not create a right of action in the absence of a consumer relationship and, therefore, lost wages do not constitute "actual damages" under the FDUTPA. However, in light of the more recent---*and controlling*---decisions by the Florida appellate courts on this issue, the defendants' argument obviously has to be rejected. *See, e.g., Francois v. Gulf Coast Transp., Inc.*, 2016 WL 4097108 (M.D. Fla. 2016) (rejecting same on very similar facts).[2] To be sure, as one court has noted:

---

[2]

The plaintiffs in *Francois* were former drivers for a taxicab company, and they alleged that the defendant had misclassified them as independent contractors, which resulted in substantial cost savings to the defendant—due to its not having to pay employment taxes—and gave defendant an unfair advantage over competitors that classified their drivers as employees. The district court held in that case that plaintiffs had standing and properly stated a claim for damages under the FDUTPA.

Incidentally, the district judge who decided *Francois* [U.S. District Judge Susan C. Bucklew] also decided *Dobbins*, which the defendants have cited for its "reasoned analysis." After the Florida appellate courts rendered their recent decisions on this issue, however, she held in *Francois* that her prior opinion in *Dobbins* and the other "restrictive reading" cases were no longer persuasive. 2016 WL 4097108, at *4.

> "Absent a clear decision from the Florida Supreme Court on an issue, *this Court is bound to follow decisions of the state's intermediate appellate courts unless there is some persuasive indication that the Florida Supreme Court would decide the issue differently.*" *Nunez v. Geico Gen. Ins. Co.*, 685 F.3d 1205, 1210 (11th Cir. 2012). Defendants cite a number of federal cases finding that, even after the 2001 amendment, only consumers may bring a claim for monetary damages [under the FDUTPA]. Each of these decisions was decided without the benefit of the analyses of the Florida District Courts of Appeal in *Caribbean Cruise Line*, *Bailey,* and *Off Lease Only, Inc.* Moreover, "a federal court's disagreement with a state court decision is not a 'persuasive indication that the Florida Supreme Court' would decide the issue differently than a state intermediate appellate court." *Glass v. Captain Katanna's, Inc.*, 950 F. Supp. 2d 1235, 1238 n.3 (M.D. Fla. 2013) (quoting *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002)).

*Bishop v. VIP Transportation Group LLC*, 2016 WL 1253734, at *3 (M.D. Fla. 2016), *recommendation adopted by* 2016 WL 1244725 (M.D. Fla. 2016) (brackets omitted; emphasis added).

In sum, based on controlling state law, a person does not have to be a consumer in order to have standing to pursue a claim under the FDUTPA. Further, because the plaintiff has alleged that the defendants engaged in a deceptive or unfair trade practice by erroneously classifying him as an independent contractor instead of an employee (which purportedly gave them unfair advantage over their competitors), and because plaintiff has alleged that this practice caused him to suffer "actual damages" (i.e., lost wages as the direct result of defendants allegedly not paying him overtime and taking improper deductions), he has sufficiently stated a claim for a FDUTPA violation with respect to Count 2.

*Case No.: 3:16cv209-RV/CJK*

## IV. Conclusion

The defendants' partial motion to dismiss (doc. 26) is DENIED.

DONE and ORDERED this 4th day of November 2016.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge